**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DAISY MOLES,
Plaintiff,
v.
MADISON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION,
SHAWN DOUGLAS,
MICHELLE HAYES
JEFF THOMPSON
BRIAN HORVATH
JEAN SENCY
ANGELA SMITH,
JACK WHALEY,
Defendants.

1:25 CV 0 1 0 0 8

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(42 U.S.C. § 1983 – First and Fourteenth Amendments)
**JURY TRIAL DEMANDED**

## INTRODUCTION

This civil rights action arises from a prolonged and coordinated campaign of retaliation against Plaintiff, Daisy Moles, a parent and community advocate, by officials of the Madison Local School District and its Board of Education. In response to Plaintiff's protected First Amendment activity—including submitting public records requests, speaking at school board meetings, and advocating for accountability and student welfare—Defendants subjected her to a pattern of targeted retaliation, public exclusion, unequal treatment, and misuse of school resources and law enforcement.

This retaliation escalated over time and culminated in Plaintiff's exclusion from school event participation in 2023 and continued into 2024 and 2025, including improper denial of public records requests submitted in December 2024 and January 2025. These acts were part of an ongoing campaign to chill Plaintiff's speech, punish her civic advocacy, and retaliate against her for exposing misconduct. Defendants' conduct violated Plaintiff's constitutional rights under the

First and Fourteenth Amendments and caused emotional distress, reputational harm, and financial loss.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) because this action arises under the Constitution and laws of the United States.

Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Lake County, Ohio, within this District.

## PARTIES

- **Plaintiff Daisy Moles** is a former resident of Lake County, Ohio, and was at all relevant times the parent of a student enrolled in the Madison Local School District.

- **Defendant Madison Local School District Board of Education** is a political subdivision of the State of Ohio and is responsible for the operation and oversight of public schools in Madison, Ohio.

- **Defendant Shawn Douglas** is the President of the Madison School Board. He is sued in his official and individual capacities.

- **Defendant Michelle Hayes** s a member of the Madison School Board. She is sued in his official and individual capacities.

- **Defendant Brian Horvath** is a member of the Madison School Board. He is sued in his official and individual capacities.

- **Defendant Jeff Thompson** is a member of the Madison School Board. He is sued in his official and individual capacities.

- **Defendant Jean Sency** is a member of the Madison School Board. He is sued in his official and individual capacities.

- **Defendant Angela Smith** is the Superintendent of Madison Local Schools. She is sued in her official and individual capacities.

- **Defendant Jack Whaley** is the Principal of Madison Middle School. He is sued in his official and individual capacities.

## FACTUAL ALLEGATIONS

### Protected Activity

Beginning in 2021, Plaintiff became an active advocate for parental rights and school transparency in Madison, Ohio, including:

- Speaking publicly at school board meetings;

- Submitting formal public records requests under Ohio law;

- Organizing candidate forums and parent advocacy efforts;

- Volunteering to serve as PAK (Parents and Kids) President at Madison Middle School.

### Retaliatory Conduct (2022–2025)

In response to Plaintiff's advocacy, Defendants:

- Disrupted her ability to function as PAK President;

- Initiated a police investigation based on false or unsubstantiated claims that Plaintiff mishandled PAK funds;

- Withheld public records necessary to defend herself;

- In 2022, called the police and threatened Plaintiff with removal or trespass during a school board meeting after she slightly exceeded a five-minute speaking limit—despite multiple other speakers being allowed to speak for significantly longer without interruption or enforcement of time restrictions;

- Required her and her adult daughter to submit to and pay for background checks to chaperone a school dance—while allowing other parents to chaperone without such checks;

- Conditionally allowed her daughters to attend the May 6, 2023 dance only under restrictive and humiliating terms—requiring them to sit at a table under supervision—despite Plaintiff having completed all necessary procedures and background checks;

- Revised internal policy retroactively in an apparent effort to justify Plaintiff's exclusion;

- Barred all parents from chaperoning future events immediately after Plaintiff's complaints, reversing long-standing school practice;

- Improperly denied or ignored multiple lawful public records requests, including those submitted in **December 2024 and January 2025**.

These actions formed a pattern of retaliation beginning in 2022, escalating through 2023, and continuing into 2024 and 2025. The most recent retaliatory acts—including public records denials in **January 2025**—reflect an ongoing effort by Defendants to punish and silence Plaintiff's lawful speech and oversight.

## CLAIMS FOR RELIEF

### COUNT I: FIRST AMENDMENT RETALIATION

(42 U.S.C. § 1983)

Plaintiff realleges and incorporates all preceding paragraphs.

Plaintiff engaged in constitutionally protected activity, including public comment, organizing political events, and submitting public records requests.

Defendants' actions—including exclusion from school events, discriminatory enforcement of policies, law enforcement referrals, and continued denial of public records—were motivated by Plaintiff's protected activity.

Defendants' conduct would chill a person of ordinary firmness from continuing to engage in similar protected activity.

Defendants acted under color of state law and violated Plaintiff's rights under the First Amendment to the United States Constitution.

**COUNT II: EQUAL PROTECTION VIOLATION**

(Fourteenth Amendment – "Class of One" Theory)

Plaintiff realleges and incorporates all preceding paragraphs.

Plaintiff was treated differently from similarly situated parents and community members with no rational basis for the differential treatment.

Defendants' actions—including selective enforcement of background check policies and retaliatory exclusion from events—were motivated by animus and retaliation.

Defendants violated Plaintiff's right to equal protection under the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants violated Plaintiff's First and Fourteenth Amendment rights;
b. Award compensatory damages in an amount to be determined at trial;
c. Award punitive damages against individual defendants for conduct undertaken with reckless indifference;
d. Award costs, interest, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;
e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
**Daisy Moles**
Pro Se Plaintiff
P.O. Box 104
Fairborn, Ohio
45324
daisyjfable@gmail.com
(937) 689-3563
**Dated: May 14, 2025**

*Daisy Moles*