# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAISY MOLES, | : | |
| | : | CASE NO. 1:25-cv-01008 |
| Plaintiff, | : | |
| | : | |
| v. | : | DISTRICT JUDGE |
| | : | DONALD C. NUGENT |
| ANGELA SMITH, *et al.* | : | |
| | : | |
| Defendants. | : | **DEFENDANTS' ANSWER** |
| | : | **AND AFFIRMATIVE DEFENSES** |

Defendants Angela Smith, Brain Horvath, Michelle Hayes, Jean Sency, Jeff Thompson, Shawn Douglas, and Jack Whaley[1], (collectively, the "Defendants") state as follows for their Answer to Plaintiff's Complaint.

## INTRODUCTION

1. Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint Introduction.

2. With respect to Paragraph 2 of Plaintiff's Complaint Introduction, Defendants admit that Plaintiff was excluded from school event participation in 2023, but denies that it such denial was retaliatory or otherwise improper. Further responding, Defendants aver that Plaintiff's public records requests made in 2024 and 2025 were lawfully denied. Defendants deny the remainder of the allegations contained in Paragraph 2 of Plaintiff's Complaint Introduction.

---

[1] In the caption of her Complaint – on the same page as she begins with her Introduction, Plaintiff lists the Madison Local School District Board of Education as a defendant. However, the Madison Local School Board of Education is not enumerated anywhere else in the Complaint, nor was it issued a Summons. Therefore, it is not a proper party to this case.

## JURISDICTION AND VENUE

3. To the extent Paragraph 3 of Plaintiff's Complaint warrants a response, Defendants admit that Plaintiff attempts to invoke this Court's jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3). Further answering, Defendants deny they have violated any federal, state or local law or regulation.

4. To the extent Paragraph 4 of Plaintiff's Complaint warrants a response, Defendants admit that Plaintiff attempts to establish the propriety of venue pursuant to 28 U.S.C. §1391(b)

## PARTIES

5. With respect to Paragraph 5 of the Plaintiff's Complaint, Defendants admit that Plaintiff is a former resident of Lake County Ohio.  Defendants deny the remaining allegation in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit that Defendant Shawn Douglas is the current president of the Madison Local School District Board of Education. Further responding, the remainder of Paragraph 7 does not require a response, but in so far as it does, Defendants deny the same.

8. Defendants admit that Defendant Michelle Hayes is a member of the Madison Local School District Board of Education. Further responding, the remainder of Paragraph 8 does not require a response, but in so far as it does, Defendants deny the same.

9. Defendants admit that Defendant Brian Horvath is a member of the Madison Local School District Board of Education. Further responding, the remainder of Paragraph 9 does not require a response, but in so far as it does, Defendants deny the same.

10. Defendants admit that Defendant Jeff Thompson is a member of the Madison Local School District Board of Education. Further responding, the remainder of Paragraph 10 does not require a response, but in so far as it does, Defendants deny the same.

11. Defendants admit that Defendant Jean Sency is a member of the Madison Local School District Board of Education. Further responding, the remainder of Paragraph 11 does not require a response, but in so far as it does, Defendants deny the same.

12. Defendants admit that Defendant Angela Smith is the current Superintendent of the Madison Local School District Board of Education. Further responding, the remainder of Paragraph 12 does not require a response, but in so far as it does, Defendants deny the same.

13. Defendants admit that Defendant Jack Whaley is the current Principal of Madison Middle School. Further responding, the remainder of Paragraph 13 does not require a response, but in so far as it does, Defendants deny the same.

## FACTUAL ALLEGATIONS
### Protected Activity

14. Defendants are without sufficient knowledge to form a belief as to all of the allegations contained in Paragraph 14. Further responding:

    a. Defendants admit that Plaintiff previously spoke at school board meetings. Defendants deny any remaining allegations contained in Paragraph 14(a) of Plaintiff's Complaint;

    b. Defendants admit that Plaintiff submitted formal requests for public records. Defendants deny any remaining allegations contained in Paragraph 14(b) of Plaintiff's Complaint;

3

    c. Defendants are without sufficient knowledge to form a belief as to the allegations contained in Paragraph 14(c); and

    d. Defendants admit that Plaintiff previously served as a Parent and Kids Group President at Madison Middle School. Defendants deny any remaining allegations contained in Paragraph 14(d) of Plaintiff's Complaint.

<b>Retaliatory Conduct (2022-2025)</b>

15. Defendants deny the allegations contained in Paragraph 15. Further responding:

    a. Defendants admit that due to Plaintiff's own inappropriate behavior, Plaintiff was barred from attending Parent and Kids Group meetings. Defendants deny any additional allegations contained in Paragraph 15(a) of Plaintiff's Complaint;

    b. Defendants admit that the police were engaged based on substantiated claims that Plaintiff mishandled school funding. Defendants deny any remaining allegations contained in Paragraph 15(b) of Plaintiff's Complaint;

    c. Defendants admit that they denied Plaintiff's public records submitted in December of 2024 and February of 2025 as those requests violated the Settlement Agreement concerning a prior lawsuit and/or were legally insufficient. Defendants deny any additional allegations contained in Paragraph 15(c) of Plaintiff's Complaint;

    d. Defendants admit that they called the police in response to Plaintiff trespassing during a school board meeting. Further responding, Defendants admit that Plaintiff violated the rules in place for school board meetings. Defendants deny the remaining allegations contained in Paragraph 15(d) of Plaintiff's Complaint;

    e. Defendants admit that Plaintiff, and her adult daughter, were required to submit to and pay for background checks to chaperone a school dance – as it is school policy

4

    to do so. Defendants deny the remaining allegations contained in Paragraph 15(e) of Plaintiff's Complaint;

    f. Defendants deny the allegations contained in Paragraph 15(f) of Plaintiff's Complaint.

    g. Defendants deny the allegations contained in Paragraph 15(g) of Plaintiff's Complaint;

    h. Defendants admit that it revised school policy regarding chaperones. Defendants deny any additional allegations contained in Paragraph 15(h) of Plaintiff's Complaint;

    i. Defendants aver that Plaintiff's public records requests were properly denied due to the legal deficiencies in the requests. Defendants deny any additional allegations contained in Paragraph 15(i) of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF
### Count I: First Amendment Retaliation

17. Defendants reassert every answer contained above as if stated verbatim herein.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

### Count II: Equal Protection Violation

22. Defendants reassert every answer contained above as if stated verbatim herein.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

27. Defendants deny that Plaintiff is entitled to any of the damages she seeks or to any relief she requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants are each entitled to all immunities from suit, defenses, damage limitations, damage set-offs, damage prohibitions, and other benefits conferred pursuant to R.C. Chapter 2744 and/or Ohio common law.

3. Defendants are qualifiedly immune from Plaintiff's claims.

4. At all relevant times, Defendants acted in good faith and without malice.

5. Defendants' actions were taken for legitimate, non-discriminatory reasons.

6. Plaintiff's claims are barred by the doctrine(s) of waiver, estoppel, collateral estoppel, and/or issue preclusion.

7. Plaintiff has failed to fully exhaust administrative remedies.

8. Plaintiff has failed to mitigate her claimed damages, if any.

9. Any damages suffered by Plaintiff were incurred solely as the result of her own actions, omissions, negligence, fault and/or lack of care, and not those of any Defendant.

10. Defendants have fully complied with any and all laws relation to all actions taken respecting Plaintiff.

11. Plaintiff's demand for punitive damages is barred by Ohio public policy, common law and R.C. 2744.05.

12. Plaintiff's claims for damages are barred or must be reduced pursuant to R.C. 2315.18, 2315.20, and 2315.21.

13. To the extent Plaintiff seeks equitable relief, her request is barred because she has adequate remedies at law and/or has unclean hands.

14. Plaintiff lacks standing to maintain one or more causes of action set forth in the Complaint.

15. A prior Settlement Agreement, executed by Plaintiff on June 14, 2023, bars some or all of the claims asserted in the Complaint.

WHEREFORE, having fully answered the Complaint, Defendants pray as follows:

A. That the Complaint be dismissed with prejudice;

B. That the Court enter judgment in favor of Defendants on all counts pled against them;

C. That Defendants be permitted to recover their costs, fees, expenses, attorneys' fees, and any other relief tat is just and appropriate; and

D. That Defendants be awarded any and all relief that is just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants each demand a trial by jury of this action consisting of the maximum number of jurors permitted by law.

Respectfully submitted,
ROETZEL & ANDRESS, LPA

*/s/ Kathryn I. Perrico*
Kathryn I. Perrico (0076565)
kperrico@ralaw.com
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Direct Dial: 216.285.0961

And

Nicole L. Kalmbach (0101501)
nklambach@ralaw.com
41 S. High Street, 21st Floor
Columbus, Ohio 43215
Direct Dial: 631.432.0363

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email upon the following on June 11, 2025:

Daisy Moles
daisyjfable@gmail.com
and
venusvanguard22@gmail.com

                                                                 */s/ Kathryn I. Perrico*
                                                                 Kathryn I. Perrico (0076565)
                                                                 kperrico@ralaw.com