IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

JUL 02 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**DAISY MOLES,**
Plaintiff,
v.
**ANGELA SMITH,** Superintendent of Madison Local School District,
**SHAWN DOUGLAS,** Board President,
**MICHELLE HAYES,** Board Member,
**BRIAN HORVATH,** Board Member,
**JEFF THOMPSON,** Board Member,
**JEAN SENCY,** Board Member,
**JACK WHALEY,** Principal of Madison Middle School,
**MADISON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION,**
Defendants.

Case No.: 1:25-cv-01008
Judge Donald C. Nugent

# AMENDED COMPLAINT

**WITH JURY DEMAND ENDORSED HEREON**

## I. INTRODUCTION

This case concerns a disturbing pattern of retaliation, exclusion, and constitutional violations committed under color of law by school officials seeking to silence a concerned parent. Plaintiff Daisy Moles—an active volunteer, Parent and Kids (PAK) Group President, and vocal advocate—was systematically targeted after raising questions about transparency, equity, and school governance.

What began as lawful civic engagement escalated into harassment, exclusion from public events, and even false police reports. These acts were not isolated; they were deliberate, coordinated, and carried out over several years by Defendants entrusted with oversight and public accountability.

## II. PARTIES

1. **Plaintiff Daisy Moles** is a former resident of Lake County, Ohio and parent of a student enrolled in Madison Local School District. She was actively engaged in school volunteerism and protected civic speech from 2021 to 2025.

2. **Defendant Angela Smith** is the Superintendent of Madison Local School District and acted under color of state law at all relevant times.

3. **Defendants Shawn Douglas, Michelle Hayes, Brian Horvath, Jeff Thompson,** and **Jean Sency** are or were members of the Madison Local School District Board of Education, and acted under color of state law at all relevant times.

4. **Defendant Jack Whaley** is the Principal of Madison Middle School and acted under color of state law at all relevant times.

5. **Defendant Madison Local School District Board of Education** is a public body organized under Ohio law. The Board is sued in its official capacity as a policymaking entity subject to suit under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff brings claims under 42 U.S.C. §1983 for violations of her rights under the First and Fourteenth Amendments to the United States Constitution.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as all Defendants reside in the Northern District of Ohio and the events giving rise to this action occurred therein.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Protected Activities

8. From 2021 to 2023, Plaintiff was an active and engaged parent, serving as President of the PAK Group at Madison Middle School, organizing events, fundraising, and attending school board meetings.

9. Beginning in 2021, Plaintiff voiced concerns regarding district transparency, administrative accountability, and student welfare. She expressed these concerns both publicly (e.g., board meetings) and privately (e.g., email correspondence).

10. Between 2021 and 2025, Plaintiff submitted multiple public records requests pursuant to Ohio R.C. 149.43. Her requests addressed board policy, financial oversight, and school practices—all matters of public concern.

11. Plaintiff's speech and records requests were protected activity under the First Amendment.

12. At all relevant times, Plaintiff's conduct remained lawful, civil, and cooperative. She engaged in no behavior warranting exclusion from school events or public meetings.

## B. Retaliatory Acts Carried Out by Defendants

13. In response to her advocacy, Defendants engaged in a coordinated campaign of retaliation that included the following acts:

**a. Exclusion from PAK Leadership:**
In 2022, Plaintiff was abruptly removed from her leadership role in the PAK Group without warning, investigation, or due process. Defendants simultaneously claimed the PAK Group was "independent" to evade records requests while exercising direct control over its leadership—demonstrating actions taken under color of law.

**b. False Allegations & Police Involvement:**
Defendants reported Plaintiff to local police under false pretenses of financial misconduct. No audit, charges, or formal complaints followed. This was an act of intimidation and reputational harm.

**c. Denial of Public Records:**
In 2024 and 2025, Plaintiff's public records requests were denied without legal basis. Defendants made facially implausible claims that certain clearly existing records "did not exist" and cited a vague, unrelated "settlement agreement" that had no bearing on the requests at issue. These denials were selectively enforced, lacked transparency, and appeared calculated to chill Plaintiff's lawful oversight activities..

**d. Arbitrary Chaperone Exclusion:**
In 2022, Plaintiff and her adult daughter were told they must undergo and pay for background

checks in order to chaperone a school dance. Despite full compliance, access was initially denied until Plaintiff intervened. Meanwhile, other parents were allowed to chaperone without undergoing the same background check process.

In 2023, the board abruptly announced that only staff would be permitted to chaperone—a drastic departure from longstanding past practice. This unexplained shift appeared directly aimed at further excluding Plaintiff from participating in her child's school activities. After extended communication with the superintendent, Plaintiff's daughters were eventually allowed to attend—but only under degrading conditions, placed at a table and monitored by the assistant superintendent.

### e. Police Involvement at Public Meeting:
At a 2022 public board meeting, Plaintiff briefly exceeded her speaking time—an act tolerated for other speakers. Rather than allow a reasonable extension, Defendants shut off her microphone, left the stage, and summoned police. She was falsely labeled a trespasser and the meeting was halted until she left. Defendants later admitted this was done under color of law.

### f. Contradictory PAK Oversight Claims:
Defendants previously denied PAK Group was a district entity to avoid public record obligations. In this litigation, however, they admit they removed Plaintiff from its leadership—demonstrating de facto control.

### g. Retroactive Policy Changes:
Following Plaintiff's criticism and legal pursuit, the District revised chaperoning and volunteer policies in apparent attempt to retroactively justify unconstitutional acts.

14. These acts were not isolated; they followed a pattern of coordination, escalation, and institutional indifference—supporting a claim of civil conspiracy under §1983.

15. Plaintiff was never notified of alleged wrongdoing or offered any forum to contest these actions, amounting to a procedural due process violation.

16. The Board and its agents acted with deliberate indifference and permitted unconstitutional conduct to persist—giving rise to Monell liability for policy, custom, and failure to train or supervise.

## V. CLAIMS FOR RELIEF

### Count I — First Amendment Retaliation

*(42 U.S.C. §1983 — Against All Individual Defendants)*

17. Plaintiff engaged in protected speech and petition activity under the First Amendment.

18. Defendants retaliated against Plaintiff by excluding her from leadership roles, denying access to school functions, involving police, and obstructing her records requests.

19. These retaliatory acts would chill a person of ordinary firmness from continuing similar protected activities.

20. There was no legitimate government justification for these actions.

21. Plaintiff suffered constitutional injury, reputational harm, and emotional distress.

## Count II — Equal Protection Violation

*(42 U.S.C. §1983 — Against All Individual Defendants)*

22. Plaintiff was treated differently than similarly situated parents and community members.

23. The differential treatment lacked a rational basis and was motivated by viewpoint discrimination and personal animus.

24. As a direct result, Plaintiff suffered constitutional injury and damages.

## Count III — Procedural Due Process Violation

*(42 U.S.C. §1983 — Against All Individual Defendants)*

25. Defendants excluded Plaintiff from civic participation without notice or hearing.

26. Plaintiff had protected liberty interests in her reputation and public engagement, which were infringed without due process.

27. Defendants failed to offer Plaintiff any means to defend her rights or clear her name.

## Count IV — Civil Rights Conspiracy

(*42 U.S.C. §1983 — Against All Individual Defendants*)

28. Defendants acted in concert and agreement to violate Plaintiff's constitutional rights.

29. They committed overt acts in furtherance of the conspiracy, including coordinated exclusions, false allegations, and **weaponization of school procedures**.

30. Plaintiff suffered constitutional harm and damages as a result.

### Count V — Monell Liability

(*Against the Madison Local School District Board of Education*)

31. The Board maintained policies, customs, or practices that allowed unconstitutional conduct to occur unchecked.

32. The Board failed to train, supervise, or discipline its members and administrators.

33. These failures directly caused the violations of Plaintiff's constitutional rights.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

A. A **Declaratory Judgment** that Defendants violated Plaintiff's First and Fourteenth Amendment rights;
B. **Injunctive Relief** prohibiting future retaliation, exclusion, or obstruction of Plaintiff's participation in public activities;
C. **Compensatory Damages** for emotional, reputational, and constitutional harms;
D. **Punitive Damages** against individual Defendants for willful and malicious conduct;
E. **Nominal Damages** for the violation of constitutional rights;
F. **Attorney's Fees and Costs** pursuant to 42 U.S.C. §1988;
G. Any other relief the Court deems just and proper.

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,
**Daisy Moles**    *Daisy Moles*
Pro Se Plaintiff
P.O. 104 Box, Fairborn Ohio 44324
VenusVanguard22@gmail.com
937-689-3563

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint was served on the following parties on this 2 day of June 2025:

- Counsel for Defendants Angela Smith, Shawn Douglas, Michelle Hayes, Brian Horvath, Jeff Thompson, Jean Sency, and Jack Whaley:
  **Kathryn I Perrico**
  **kperrico@ralaw**
  via electronic mail
- Defendant Madison Local School District Board of Education:
  c/o Superintendent Angela Smith
  Madison Local School District Board of Education
  1856 Red Bird Road
  Madison, OH 44057
  via Certified U.S. Mail

Respectfully submitted,

Daisy Moles    *Daisy Moles*

Pro Se Plaintiff

P.O. Box 104

Fairborn, OH 45324

daisyjfable@gmail.com

**937-689-3563**