IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAISY JEAN MOLES, ) | CASE NO. 1:25-CV-01008 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| SUPERINTENDENT ANGELA ) | MEMORANDUM AND ORDER |
| SMITH, et al., ) | ADOPTING MAGISTRATE JUDGE'S |
| ) | REPORT AND RECOMMENDATION |
| Defendants. ) | |

## I. PROCEDURAL MATTERS

This matter comes before the Court upon the *Report and Recommendation* of Magistrate Judge Reuben J. Sheperd, pursuant to N.D. OHIO L.R. 3.1(a) (*Assignment of Cases*), N.D. OHIO L.R. 72.2 (*Assignment and Referral of Matters to Magistrate Judges*), and ECF #11 (*Order of Referral*). The *Report and Recommendation* (ECF#29), issued on December 18, 2025, is hereby ADOPTED by this Court, without objection.

On May 16, 2025, *pro se* Plaintiff Daisy Jean Moles filed a *Complaint for a Civil Case*, utilizing the Form provided by the Clerk of Court for the filing of *pro se* complaints (ECF #1) ("*Complaint*"). Her *Complaint* asserted two Counts of constitutional claims under 42 U.S.C. § 1983 against various persons holding positions within the Madison, Ohio Local School

District,[1] generally alleging "Violation of constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution," (ECF #1, p.3, PageID #4), specifically, "First Amendment Retaliation" (Count I) and "Equal Protection Retaliation" (Count II). (ECF #1-1, pp.4-5, PageID #10-#11). The *Complaint* was later amended, on July 2, 2025, to also include the Madison Local School Board District Board of Education as a Defendant, and to assert three additional constitutional claims of "Procedural Due Process Violation" (Count III), "Civil Rights Conspiracy" (Count IV), and "Monell Liability" (Count V).[2] (ECF #12, *Amended Complaint*, p.1 & pp.5-6, PageID #69 & PageID #73-#74) ("*Amended Complaint*").

After the *Amended Complaint* was filed, all Defendants filed a *Motion for Judgment on the Pleadings*, pursuant to FED. R. CIV. P. 12(c), requesting that the matter be dismissed in its entirety. (ECF #18). Pursuant to the *Order of Referral* issued in this case, (ECF #11), the matter was referred to Magistrate Judge Sheperd, under N.D. OHIO L.R. 72.1, to "issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding, and file with the Court a report containing proposed findings and recommendation for disposition of case-dispositive motions." (ECF #11, pp.1-2, PageID #67-#68) (citation omitted).

---

[1] Specifically, the *Complaint* named as Defendants Angela Smith, Superintendent of the Madison Local School District; Jack Whaley, Principal of Madison Middle School (designated as Madison High School in the *Complaint*); Shawn Douglas, the President of the Madison Local School District Board of Education; and Michelle Hayes, Jeff Thompson, Brian Horvath, and Jean Sency, each of whom is a Member of the Madison Local School District Board of Education. (ECF #1, pp. 2-*first* and 2-*second*, PageID #2-#3).

[2] Referring to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), which creates a vehicle by which municipal bodies may be held liable under 42 U.S.C. § 1983 for unconstitutional policies or practices.

In his *Report and Recommendation*, (ECF #29), Magistrate Judge Sheperd found that "the Amended Complaint fails to allege facts upon which relief might be granted[,] and [f]urthermore, the facts alleged do not warrant that [Plaintiff Daisy Jean] Moles be permitted additional amendments to her Complaint or otherwise attempt to revive her claims." (ECF #29, *Report and Recommendation*, pp.1-2, PageID #205-#206) (inserts supplied).

## II. **FACTUAL BACKGROUND**

To put into context this Court's review of the *Report and Recommendation*, and its ultimate adoption of the Magistrate Judge's findings, a recitation of the pertinent factual background will be helpful, drawn verbatim from the *Report and Recommendation*,[3] with occasional inserts added by this Court, and the citation form amended to coincide with that used elsewhere in this *Memorandum and Order*.

[Plaintiff Daisy Jean] Moles is a former resident of Lake County, Ohio; she is a parent of a student who was previously enrolled in Madison Local School District and was actively engaged at the school. (ECF #12, *Amended Complaint*, p.2, PageID #70). Defendant Smith was the Superintendent of that school district at the time of the allegations in the Complaint; Defendant Whaley is the Principal of Madison Middle School[;] and Defendants Douglas, Hayes, Horvath, Thompson, and Sency were Madison School Board members.[4] (ECF #17, *Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint*, p.2, ¶¶ 4-6, PageID #98) ("*Answer to Amended Complaint*"). The Board is a public body organized under

---

[3]
    *See* ECF #29, *Report and Recommendation*, pp.3-5, PageID #207-#209.

[4]
    *See* n.1, *supra*, for Defendants' full names and titles.

Ohio law. (*Id.*, p.2, ¶ [5], PageID #70).

Moles states that between 2021 and 2023, she was an active parent at Madison Middle School, serving as president of the Parents and Kids ("PAK") Group at Madison Middle School. (ECF #12, *Amended Complaint*, p.3, ¶ 8, PageID #71). She organized events and fundraising, and attended school board meetings. (*Id.*). Moles alleges that, starting in 2021, she voiced concerns about the district's transparency, administrative accountability, and student welfare, both at school board meetings and via email correspondence. (*Id.*, p.3, ¶ 9, PageID #71). She also submitted public records requests under Ohio Revised Code § 149.43 regarding Board policy, financial oversight, and school practices. (*Id.*, p.3, ¶ 10, PageID #71; ECF #17, *Answer to Amended Complaint*, p.3, ¶ 12, PageID #99). She alleges she engaged in lawful, civil, and cooperative conduct and her behavior would not warrant exclusion from school events or public meetings. (ECF #12, *Amended Complaint*, p.3, ¶ 12, PageID #71).

In 2022, Moles was removed from leadership in the PAK group. (*Id.*, p.3, ¶ 13a, PageID #71). She alleges this was done through Defendants' control. (*Id.*, pp.3-4, ¶¶ 13a & 13f, PageID #71-#72). Defendants maintain that the PAK group is independent of their control and admit only that she "was removed" from leadership. (*Id.*; ECF #17, *Answer to Amended Complaint*, pp.4-5, ¶¶ 16 & 21, PageID #100-#101).

Moles alleges, without specificity, that Defendants reported her to local police "under false pretenses of financial misconduct." (ECF #12, *Amended Complaint*, p.3, ¶ 13b, PageID #71). She states no audit, charges, or formal complaint followed. (*Id.*). Defendants respond that "the police were involved with" claims regarding Moles' handling of school funding. (ECF #17, *Answer to Amended Complaint*, p.4, ¶ 17, PageID #100).

Moles states that she submitted public records requests in 2024 and 2025. (ECF #12, *Amended Complaint*, p.3, ¶ 13c, PageID #71). Defendants responded to these requests but had no responsive materials to provide, stating that records that Moles believed to exist did not exist, or that a settlement agreement prevented disclosure; Moles characterizes these responses as denials. (*Id.*). Defendants admit that they responded to the public records requests as violative of a settlement agreement and/or were legally insufficient. (ECF #17, *Answer to Amended Complaint*, p.4, ¶ 18, PageID #100).

Moles also states she and her adult daughter (who is not a plaintiff in this suit) were required to undergo and pay for a background check in order to chaperone a school dance. (ECF #12, *Amended Complaint*, pp.3-4, ¶ 13d, PageID #71-#72). Moles alleges that other parents were permitted to chaperone without the same background check process. (*Id.*). In 2023, Moles alleges that the Board announced a new policy that only staff would be permitted to chaperone school events. (*Id.*). Despite communication with the superintendent regarding the policy, Moles was not permitted to chaperone a school dance. (*Id.*). Moles' daughters attended the dance and were placed at a table monitored by the assistant superintendent (who is not a defendant). (*Id.*). Defendants admit that it was school policy to require Moles and her adult daughter [to] submit to and pay for a background check to chaperone a school dance. (ECF #17, *Answer to Amended Complaint*, p.5, ¶ 19, PageID #101). They also admit that the Board revised policies regarding chaperones. (*Id.*).

Moles states that, during a public school board meeting in 2022, she exceeded her speaking time, and Defendants cut her microphone, left the stage, and summoned police. (ECF #12, *Amended Complaint*, p.4, ¶ 13e, PageID #72). She states other speakers were permitted

reasonable extensions for speaking time. (*Id.*). She also states she was "falsely labeled a trespasser and the meeting was halted until she left." (*Id.*). Defendants admit that "police were called in response to [Moles] trespassing during a Board meeting." (ECF #17, *Answer to Amended Complaint*, p.5, ¶ 20, PageID #101). They also state that Moles "violated the rules in place for Board meetings." (*Id.*).

Moles states she was not notified of her alleged wrongdoing or offered a forum to contest the above actions. (ECF #12, *Amended Complaint*, p.4, ¶ 15, PageID #72).

### III. FINDINGS OF THE REPORT AND RECOMMENDATION

The Magistrate Judge found, in his *Report and Recommendation* (ECF #29) that the *Amended Complaint* fails to state a claim on which relief can be granted. (*Id.*, p.8, PageID #212).

As to Count I, asserting "First Amendment Retaliation," based on Plaintiff's claims that the Defendants conspired to retaliate against her for conduct protected by the First Amendment, (*see* ECF #29, p.9, PageID #213) (citing the *Amended Complaint* generally), the *Report and Recommendation* first sets out the elements of a First Amendment retaliation claim, that Plaintiff must show that: (1) she engaged in constitutionally protected speech; (2) that the individual defendants named in her *Amended Complaint* took adverse actions against her that caused her to suffer an injury that would likely chill a person of ordinary firmness from continuing that activity; and (3) the individual defendants' actions were motivated, at least in part, by the exercise of her constitutional rights." (ECF #29, *Report and Recommendation*, p.9, PageID #213) (citing *McElhaney v. Williams*, 81 F.4th 550, 556 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 696 (2024)). The Magistrate Judge then, after carefully considering each of the facts asserted by

Plaintiff in her *Amended Complaint*, found that while "at the pleadings stage and construing [the facts as alleged in the *Amended Complaint*] in her favor, the Court may presume that [her] alleged speech and her ability to make public records request[s] is protected by the First Amendment," (ECF #29, p.10, PageID #214), Plaintiff failed to plead sufficient facts sufficient to satisfy the second and third elements of her claim, (*id.*, pp. 11-14, PageID #215-#218). The Court agrees with these findings.

As to Count II, asserting "Equal Protection Violation," in which Plaintiff claims she "was treated differently than similarly situated parents and community members," and that this "differential treatment lacked a rational basis and was motivated by viewpoint discrimination and personal animus" resulting in "constitutional injury and damages," (*see* ECF #29, p.14, PageID #218) (citing ECF #12, *Amended Complaint*, p.5, ¶¶ 22-24, PageID #73), the *Report and Recommendation* found that Plaintiff's Amended Complaint "fails to allege sufficient facts to meet the threshold showing of disparate treatment based on viewpoint" required to assert an equal protection claim, (ECF #29, p.16, PageID #220), as described by the Sixth Circuit in *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011), and that her "claims of disparate treatment do not cross the plausibility threshold required at the pleadings stage," as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), (ECF #29, p.16, PageID #220). The Court agrees with this finding.

As to Count III, asserting "Due Process Violation," based on Plaintiff's claims that the individual defendants excluded her from civic participation, harmed her liberty interests in her reputation and public engagement, and that she was not given notice or hearing to defend her rights or clear her name, (*see* ECF #29, p.18, PageID #222) (citing ECF #12, *Amended*

*Complaint*, p.5, ¶¶ 25-27, PageID #73), the *Report and Recommendation* found that, even reading the allegations of the *Amended Complaint* in a light most favorable to Plaintiff, the "due process" claim failed to satisfy the pleading standards set forth in FED. R. CIV. P. 8(a), particularly with respect to her claims related to the "stigma-plus framework," as described in *Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 501 (6th Cir. 2007), for which, "to state a colorable claim of procedural due process violation, a plaintiff must allege an injury to their reputation (the stigma), coupled with the deprivation of a tangible liberty interest or property right (the plus) without adequate process," (ECF #29, p.19, PageID #223) (citing *Printup v. Dir., Ohio Dep't of Job & Fam. Servs.*, 654 F. App'x 781, 785 (6th Cir. 2016)). The Court agrees with this finding.

As to Count IV, asserting "Civil Rights Conspiracy," based on Plaintiff's claims that "Defendants acted in concert and agreement" to violate her constitutional rights, "including coordinated exclusions, false allegations, and weaponization of school procedures," (*see* ECF #29, p.20, PageID #224) (citing ECF #12, *Amended Complaint*, p.6, ¶¶ 28-29, PageID #74), the *Report and Recommendation* found that the "intracorporate conspiracy doctrine," in which a Section 1983 conspiracy claim is barred if the alleged conspiracy is by and between the employees or agents of the same collective entity (here, the Madison Local School District Board of Education), *see Jackson v. City of Cleveland*, 925 F.3d 793, 817-19 (6th Cir. 2019), precluded the availability to Plaintiff of a "conspiracy claim" under Section 1983, and barred the claim under the intracorporate conspiracy doctrine. (ECF #29, p. 21, PageID #225). The Court agrees with this finding.

Finally, as to Count V, asserting "*Monell* Liability against the Board of Education,"

-8-

based on Plaintiff's allegation that the Board "maintained policies, customs, or practices that allowed unconstitutional conduct to occur unchecked [and] . . . failed to train, supervise, or discipline its members and administrators" which "directly caused the violations of Plaintiff's constitutional rights," (*see* ECF #29, p.22, PageID #226) (citing ECF #12, *Amended Complaint*, p.6, ¶¶ 31-33, PageID #74), the *Report and Recommendation* found, "[f]irst, [that] *Monell* [*v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)] does not impose a separate cause of action, and thus, Count V is not a proper claim on its own," (ECF #29, p.23, PageID #227), that even if "*Monell* liability might later attach to the Board, [Plaintiff] has not provided factual support for her theory" as "the *Amended Complaint* recites [only] bare legal conclusions to support Count V regarding *Monell* liability," (*id.*), and that "additional factual development will not bolster [Plaintiff's] theory," because, as described in the analysis related to Counts I through IV, Plaintiff's constitutional claims fail, and thus "the Board has no liability where there is no constitutional violation." (*Id.*) (citing *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)) ("There can be no liability under *Monell* without an underlying constitutional violation."). The Court agrees with these findings.

Based on the Magistrate Judge's analysis on each of the five claims pled in the *Amended Complaint*, the *Report and Recommendation* recommends that each of the claims be dismissed on their merits, as requested in Defendants' *Motion for Judgment on the Pleadings* (ECF #18). (*See*, ECF #29, p.14 [Count I], p.18 [Count II], p.20 [Count III], p.21 [Count IV] & p.23 [Count V], PageID #218, #222, #224, #225 & #227). In addition, the *Report & Recommendation* finds that Plaintiff's improper use of "group pleading," with which Plaintiff asserts her claims generally against the individual Defendants, rather than by identifying facts describing what each

Defendant did to allegedly violate her constitutional rights, "fails to provide [the individual defendants] sufficient notice of the alleged conduct supporting Moles' Section 1983 claims," and thus recommends granting the *Motion for Judgment on the Pleadings* be granted as to all of the individual Defendants. (ECF #29, p. 27, PageID #231). The Court agrees with these findings as well.

The *Report and Recommendation* further addresses a defense of qualified immunity raised by each of the individual defendants, and recommends that each of Counts I through IV [in effect, all the Counts asserted against individual Defendants] be dismissed on qualified immunity grounds, in addition to merits grounds (See ECF #29, pp.27-38, PageID #231-#242). The Court agrees with the *Report and Recommendation*'s findings with respect to its analysis of qualified immunity on these claims.

The *Report and Recommendation* also addresses a defense raised by the Defendants based on statute of limitations grounds. (*See* ECF #29, pp. 38-42, PageID #242-#246). After conducting a thorough analysis on the arguments raised on this issue, the *Report and Recommendation* notes, "[f]or the reasons given in more detail in the previous sections, Moles' Amended Complaint does not provide sufficient factual allegations to support – or in this case, dismiss – her claims" based on statute of limitations grounds, (ECF #29, p.41, PageID #245), and therefore, "recommend[s] in the alternative, should the District Court disagree with the recommendation of dismissal, that Defendants' dismissal on statute of limitations grounds be denied." (*Id.*, p.42, PageID #246). As the Court agrees with the analysis and findings of the *Report and Recommendation* regarding each of the claims addressed on their merits, as well as those based on qualified immunity grounds, the Court need not make a formal ruling on the

statute of limitations argument in adopting the findings of the *Report and Recommendation*, but hereby notes its agreement with the analysis provided therein.

Finally, the *Report and Recommendation* finds that permitting further amendments to the *Amended Complaint* would not lead to establishment of meritorious constitutional claims, and that the claims be dismissed with prejudice without leave to amend. (ECF #29, pp.42-44, PageID #246-#248). Specifically, the *Report and Recommendation* notes:

> [M]y recommendation of dismissal with prejudice is not based on inartful pleadings. Throughout this Report and Recommendation, I have endeavored to provide Moles her due deference as the pro se plaintiff. With each claim, I have considered whether, through thoughtful case management procedures and court oversight in discovery proceedings, Moles might uncover factual support for her current allegations. At any rate, my detailed review of the claims in the Amended Complaint, coupled with consideration of Moles' briefings in the case do not reveal claims that rise to the level of a constitutional violation. With this in mind, it does not appear that further facts will arise to support any Section 1983 claim against Defendants.

(ECF #29. p.44, PageID #248).

## IV. CONCLUSIONS OF THE REPORT AND RECOMMENDATION

Based on a full review of the arguments presented, the applicable law, and the record before the Court, the Magistrate Judge's *Report and Recommendation* (ECF #29) made the following recommendations:

> Having reviewed Moles' Amended Complaint, I conclude that she has failed to plead sufficient facts to support her claims, and further factual development through amendment would be futile. I therefore recommend that Counts I-IV be dismissed with prejudice for failure to state a claim on which relief can be granted. Count V states a theory of liability and thereby states no claims. I therefore recommend Count V also be dismissed with prejudice. I further recommend that, because the doctrine of qualified immunity protects the Individual Defendants from suit, Counts I-IV be dismissed with prejudice.

-11-

> However, should the District Court disagree that Moles' case be dismissed, I find there are insufficient facts at the pleadings stage to clearly demonstrate whether the statute of limitations applies. I therefore recommend in the alternative that the District Court deny Defendants' motion with respect to their statute of limitations defense.

(ECF #29, pp.44-45, PageID #248-#249).

Plaintiff Daisy Jean Moles has not since filed any objections to the Magistrate Judge's December 18, 2025 *Report and Recommendation*.

## V. ADOPTION OF THE REPORT AND RECOMMENDATION

The Court has reviewed *de novo* the *Report and Recommendation*, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the *Report and Recommendation* in its entirety as to its recommendations of dismissal based on both failure to state claims on the merits with respect to Counts I through V, as well as on qualified immunity grounds with respect to Counts I through IV. The Court also ADOPTS the recommendation that these claims be dismissed with prejudice.

As the Court ADOPTS the above recommendations of the *Report and Recommendation*, it need not issue a formal ruling on the alternative recommendation related to Defendants' statute of limitations defense.

Accordingly, this matter is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 17, 2026